UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| COREY A. HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 3:16-cv-649-MHL |
| ADAM M. MOORE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff Corey A. Howell, by counsel, in Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, stating in support thereof as follows:

1. The amendment would not be futile.

In their opposition, Defendants argue that the amendment would be futile because the proposed Second Amended Complaint ("SAC") fails to state a claim against the County, Col. Dupuis, or Lt. Col. Kelly. In support of this assertion, Defendants argue that Plaintiff's only new allegations with respect to the *Monell* claim "are references to two news articles from over three years ago that identify the same performance review standard." (Opposition at p. 5). This is wrong. First, both articles, which are not merely referenced but quoted, are particularly relevant and timely because they were published by local and reputable news outlets less than three weeks prior to the events that gave rise to this litigation. Second, the SAC contains several allegations that the first Amended Complaint ("FAC") did not contain beyond the "references" to the articles. The SAC's "STATEMENT OF FACTS" section contains eight (8) new paragraphs (para. 28–35) specifically

addressing the *Monell* and supervisory liability claims. These paragraphs, none of which was in the FAC, span more than forty (40) lines and close to two (2) full pages of allegations, including, but not limited to, the following:

- That "***a former CCPD police officer revealed to the press*** that the CCPD was requiring officers to make two (2) to three (3) traffic stops per day and one (1) arrest per day" (SAC at para. 29) (emphasis added);

- That "CCPD, with the insistence and oversight of Defendants Kelly and Dupuis, ***promulgated its [arrest quota] policy in a document titled 'Chesterfield County Employee Development Program,'*** which stated that officers 'must maintain the shift average of traffic stops and that the shift 'average was between two and three traffic stops' per day, and, further, officers shall 'maintain the expectation of one arrest per day'" (SAC at para. 31) (emphasis added);

- That "the CCPD, through Defendant Kelly, confirmed at the time that they had no intention of terminating the use of Arrest Quotas. Instead, the CCPD continued to enforce the Arrest Quotas for their officers until long after Mr. Howell's wrongful arrest" (SAC at para. 33);

- That "The revelation of this practice by the CCPD prompted Delegate Delores McQuinn, a representative of the district that encompasses Chesterfield County, to introduce state legislation requesting the Virginia State Crime Commission study the Arrest Quota practice. Del. McQuinn's proposed legislation expressed the concern that 'the use of such mandates by a state or local police department or sheriff's office may pressure a law-enforcement officer to make an arrest or issue a summons where otherwise the officer, in his discretion, may have determined that

such an arrest or summons was not appropriate.' (House Joint Resolution No. 513); Arrest and summonses mandates; Virginia State Crime Commission to report, available at https://www.richmondsunlight.com/bill/2015/hj513/fulltext/" (SAC at para. 34);

By comparison, the FAC's "STATEMENT OF FACTS" section contained very few, if any, factual allegations relevant to the *Monell* claim; rather, the allegations were embedded in Plaintiff's *Monell* count and limited to the one specific allegation, which alleged that CCPD mandated "at least two (2) to three (3) traffic stops and one (1) arrest every shift, which, if not met by a given policy officer, would result in disciplinary action." (FAC at para. 48). This allegation was not supported by citations or identified sources. The SAC is markedly improved and more detailed.

As to *Monell*'s causal element, the SAC alleges that the arrest quota policy is unconstitutional. (*See* SAC at para. 35, 58). And when "a municipal 'policy or custom' is itself unconstitutional, i.e., when it directly commands or authorizes constitutional violations, the causal connection between policy and violation is manifest and does not require independent proof." *Spell v. McDaniel*, 824 F. 2d 1380, 1387 (internal quotations omitted) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822 (1985); *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)).

In summary, the SAC is significantly more detailed as to the *Monell* and supervisory claims and should meet the Court's pleading requirement.

2. <u>The Amendment would not prejudice Defendants.</u>

In their opposition, Defendants argue that the Court's acceptance of the SAC "could force the County, Col. Dupuis, and Lt. Col. Dupuis to participate in discovery before the Court can rule

on a motion to dismiss the new claims." (Opposition at p. 7). However, being that the *Monell* and supervisory liability claims have already been subjected to scrutiny and opined on by two different judges, and will be subjected to further scrutiny by and through this Motion and Defendants' Opposition, Plaintiff submits the Court may be in a good position to expeditiously rule on any forthcoming motion to dismiss. Regardless, the claim should go forward because Plaintiff has acted reasonably.

While it is true that Plaintiff filed his Motion for Leave to Amend more than two and a half months after the Court issued its Memorandum Order on September 30, 2017, he filed it close to seven (7) months prior to trial and before any depositions had been taken or written discovery responses exchanged. In fact, as of today, neither side has even noticed a deposition, let alone taken one.

As stated by the Fourth Circuit, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harvey*, 438 F. 3d 404, 428 (citing *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.")).

In this case, Plaintiff's *Monell* claim was pending for close to fourteen months before the Court issued a ruling on Defendants' motion to dismiss. Plaintiff's briefing on said motion, and the Court's subsequent Memorandum Order, both indicated that it was foreseeable Plaintiff would seek leave to amend, which he did less than three weeks after the pretrial conference and before any depositions had occurred (or even been noticed) or any written discovery responses had been

4

exchanged . If this matter does in fact go to trial in July 2018, Plaintiff's *Monell* claim may well have been alleged for all but two and a half months of the twenty-three (23) months of litigation.

                                         COREY A. HOWELL

                                   By: /s/*Robert G. Rose*_____
                                          Of Counsel

Robert G. Rose, Esq. (VSB 81240)
Christian Legal Aid of DC
PO Box 70555
Washington, DC 20024
Ph:  (202) 710-0592
Fax: (202) 380-0486
rob.rose@christianlegalaid-dc.org

Timothy P. Bosson, Esq. (VSB 72746)
Bosson Legal Group, PC
823-c S King St
Leesburg, VA 20175
Ph: (571) 438-9513
tbosson@bossonlaw.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2018, a true and exact copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Jeffrey L. Mincks, VSB #18317
County Attorney
Julie A. C. Seyfarth, VSB #46207
Senior Assistant County Attorney
Andrew J. Fulwider, VSB #83905
Counsel for Defendants
P. O. Box 40
Chesterfield, VA 23832-0040
Telephone:   (804) 748-1491
Facsimile:   (804) 706-2615
mincksj@chesterfield.gov
seyfathj@chesterfield.gov
fulwidera@chesterfield.gov

/s/*Robert G. Rose*
Timothy P. Bosson